**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

TOBY J. SUTTON                                                                          PLAINTIFF

v.                                              NO. 3:11CV00123 JLH

ARKANSAS STATE UNIVERSITY;
PATRICIA BAILEY, individually and in her
official capacity as Vice-Chancellor of Academic
and Student Affairs; KELLIE THOMAS, individually
and in her official capacity as Director of Instruction               DEFENDANTS

<u>**OPINION AND ORDER**</u>

Toby Sutton brings this action against Patricia Bailey and Kellie Thomas, two officials of

Arkansas State University, pursuant to 42 U.S.C. § 1983, alleging that they violated his rights under

the Fourteenth Amendment to the Constitution of the United States by terminating his employment

contract without notice and a hearing.  Sutton also asserts state law claims against the University,

Bailey, and Thomas for breach of contract and violation of the Arkansas Whistle-Blower Act, Ark.

Code Ann. § 21-1-601 *et seq.*[1]  The defendants have moved to dismiss the complaint pursuant to

Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, and Sutton has responded.  The

motion to dismiss will be granted in part and denied in part.

**I.**

Sutton was hired by Arkansas State University to work as the Funeral Science

Director/Instructor at the University's Mountain Home campus for the 2010-2011 school year.  He

entered into a written contract for employment for a term beginning on August 16, 2010, and ending

on May 13, 2011.  The contract included the following provision:

---

[1] Sutton does not assert a section 1983 claim against the University.

> This contract takes precedence over any agreement or contracts made prior to this date, and may be terminated at any time for adequate cause including but not being limited to admission and/or conviction of a felonious act, moral turpitude, professional incompetence, unprofessional conduct, unauthorized use or abuse of University property, insubordination, excessive absenteeism, theft, physical/mental disability that prevents the performance of required activities, or the neglect of professional obligations.

The University's faculty handbook contains a similar provision.

After Sutton's employment began, he discovered that the University was not complying with requirements imposed by the American Board of Funeral Science Education, the entity that accredits Funeral Science programs.[2]  Sutton asked Thomas on several occasions for embalming case reports needed to perform a Funeral Science Program self-study.  The self-study, according to Sutton, would have enabled the American Board of Funeral Science Education to evaluate the University's Funeral Science program.  Thomas never provided the requested records.  Sutton sought other documents from the University's staff needed to prove compliance with the American Board of Funeral Science Education's standards.  One of the requests for documents was sent to Patricia Bailey by email.  Sutton was told that the documents could not be located.

On November 2, 2010—the day he was told the documents he had requested could not be found—Sutton received an email stating that his attendance was required at a meeting on the following day.  The subject of the meeting was not disclosed.  When Sutton arrived at the meeting, Bailey told him that he was being terminated because of a private Facebook entry that he had posted on June 20, 2010, in which he jokingly stated that he "shouldn't have cheated through mortuary school and faked people out."  Sutton was given no opportunity to respond to the charge or explain

---

[2] The facts stated herein are taken from the complaint.  Those facts are assumed to be true for purposes of ruling on the motion to dismiss.  *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

himself.  Sutton was never confronted about his Facebook post prior to the meeting.  According to the complaint, both Bailey and Kellie Thomas directly participated in the decision to terminate his employment.

## II.

The first issue is whether Sutton's section 1983 claims against Bailey and Thomas in their official capacities are barred by sovereign immunity.  The Eleventh Amendment bars suit against a state and its agencies—including Arkansas State University—for any kind of relief, not merely monetary damages.  *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).  Even so,  state officials may be sued in their official capacities for prospective injunctive relief.  *Id*.  Sutton seeks reinstatement and asks the Court to order that he be afforded the due process to which he is entitled before any future termination.  Because Sutton requests prospective injunctive relief, the Court cannot say, based solely on the complaint, that sovereign immunity bars Sutton's section 1983 claims against Bailey and Thomas in their official capacities.  *See Hopkins v. Saunders*, 199 F.3d 968, 977 (8th Cir. 1999) (holding that reinstatement is among those forms of prospective equitable relief that a plaintiff may seek from a state official despite the Eleventh Amendment).[3]

---

[3] The parties have not briefed the issue of whether reinstatement may be granted even though Sutton's term of employment has expired, so the Court will not address that issue in this order.  *Cf. Muir v. Cnty. Council of Sussex Cnty.*, 393 F. Supp. 915, 935 (D. Del. 1975) ("The Court declines to grant injunctive relief against these three defendants in their official capacities because plaintiff's demand for reinstatement for breach of his contract running from July 1, 1972 to June 30, 1973 is moot."); *Alaniz v. San Isidro Indep. Sch. Dist.*, 589 F. Supp. 17, 20 (S.D. Tex. 1983) (where the term of the employment contract had already ended, reinstatement for at least a period equivalent to the unexpired term of employment under which the plaintiff was working at the time of her discharge was warranted); *Ledew v. Sch. Bd. of Suwannee Cnty.*, 578 F. Supp. 202, 206 (D.C. Fla. 1984) (where an employment contract has expired, reinstatement is appropriate unless the defendants prove that the plaintiff would not have been rehired even in the absence of his protected conduct).

The next issue is whether Sutton's section 1983 claims against Bailey and Thomas in their individual capacities are barred by qualified immunity. Qualified immunity shields a state official from liability for damages unless the official's conduct violated a clearly established constitutional right of which a reasonable person would have known. *Monroe*, 495 F.3d at 594.

Sutton contends that Bailey and Thomas violated his clearly established due process rights to pre-termination notice and a hearing. An employee must have a constitutionally protected property interest in his employment in order to have a constitutional right to procedural due process. *See Mulvenon v. Greenwood*, 643 F.3d 653, 657 (8th Cir. 2011). To have a property interest in his employment, the employee must have a legitimate claim of entitlement to employment, which depends on the terms of the employment and state law. *Id.*

Sutton had an employment contract for a term of nine months during which, according to the provisions of his employment contract and the faculty handbook, he could be terminated only for cause. Under Arkansas law, he therefore had a legitimate expectation of continued employment during that term. *See Griffin v. Erickson*, 277 Ark. 433, 437, 642 S.W.2d 308, 310 (1982) ("a contract for a definite term may not be terminated before the end of the term, except for cause or by mutual agreement, unless the right to do so is reserved in the contract."); *Drake v. Scott*, 823 F.2d 239, 241 (8th Cir. 1987) ("The Supreme Court of Arkansas has . . . announced a clear rule: if the contract of employment (which may be embodied in a personnel manual . . .) 'contains *an express provision* against termination except for cause [an employee] may not be arbitrarily discharged in violation of such a provision.' " (quoting *Gladden v. Ark. Children's Hosp.*, 292 Ark. 130, 136, 728 S.W.2d 501, 505 (1987))); *Cisco v. King*, 90 Ark. App. 307, 205 S.W.3d 808 (Ark. Ct. App. 2005) (recognizing that *Gladden* is still binding Arkansas precedent). Thus, for purposes of ruling on the

motion to dismiss, the Court concludes that Sutton had a constitutionally protected property interest in his employment.

When a public employee has a constitutionally protected property interest in his employment, due process generally requires some kind of a hearing prior to termination. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487, 1493, 84 L. Ed. 2d 494 (1985). Although a formal hearing is not necessarily required, prior to termination the employee must be given oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity to respond. *Riggins v. Bd. of Regents of Univ. of Neb.*, 790 F.2d 707, 710 (8th Cir. 1986) (citing *Loudermill*, 470 U.S. at 546, 105 S. Ct. at 1495)).

The University contends that the meeting at which Sutton was told that his employment was terminated satisfies the requirements of due process. According to the complaint, Sutton was ordered to come to a meeting; he was not informed of the subject matter of the meeting until he arrived; and he was terminated immediately without being given an opportunity to respond to the charge or explain himself. In light of these allegations, the Court cannot say at this stage that the meeting satisfied the requirements of procedural due process prescribed in *Loudermill*.[4]

*Loudermill* was decided in 1985. By then, the rule that a hearing is required before the employee with a property interest in his employment can be discharged had been settled "for some

---

[4] In their reply brief, the defendants state that Sutton "fails to allege that he took any action to obtain post-termination review of his review through ASU's grievance procedures." Although the defendants do not elaborate on this argument, exhaustion of state administrative remedies generally is not a required prerequisite to a section 1983 action. *Patsy v. Bd. of Regents*, 457 U.S. 496, 516, 102 S. Ct. 2557, 73 L. Ed. 2d 172 (1982). The Eighth Circuit has recognized an exception to *Patsy*'s rule in the procedural due process context. *See Keating v. Neb. Pub. Power Dist.*, 562 F.3d 923, 929 (8th Cir. 2009). Still, "it is not necessary for a litigant to have exhausted available *postdeprivation* remedies when the litigant contends that he was entitled to *predeprivation* process." *Id.*

time now." *Loudermill*, 470 U.S. at 452, 105 S. Ct. at 1493.   A reasonable public official in 2010 would have known of *Loudermill*'s requirements.   Therefore, the Court cannot say that qualified immunity bars Sutton's section 1983 claims against Bailey and Thomas in their individual capacities.

**III.**

Turning to the state law claims, the Court will first address Sutton's claims against Arkansas State University and then his claims against Bailey and Thomas.

**A.    ARKANSAS STATE UNIVERSITY**

As noted, Sutton asserts his breach of contract claims against all three of the defendants, including Arkansas State University.   As a state agency, the University has sovereign immunity from suit for any kind of relief, not merely monetary damages.   *Monroe*, 495 F.3d at 594.   A breach of contract claim against the University must be brought in the Arkansas Claims Commission, not in state or federal court.   *Ark. Tech Univ. v. Link*, 341 Ark. 495, 502, 17 S.W.3d 809, 813 (2000); *Craft v. Ouachita Technical Coll.*, No. 6:07CV06002, 2007 WL 2926794 (W.D. Ark. Oct. 5, 2007).   The Arkansas Claims Commission exercises jurisdiction over claims against the State of Arkansas and its several agencies, departments, and institutions, if the claims are barred by the doctrine of sovereign immunity.   Ark. Code Ann. § 19-10-204 (2011 Supp.).   Because the University has sovereign immunity, Sutton's breach of contract claim against the University must be dismissed.

Sutton also asserts that the University violated the Arkansas Whistle-Blower Act by terminating his employment.   The University argues that sovereign immunity shields it from Sutton's Arkansas Whistle-Blower Act claim.   Sutton argues that to hold that a state agency has sovereign immunity against claims under the Arkansas Whistle-Blower Act would eviscerate the Act.   The Court need not determine whether the Act waives Arkansas's sovereign immunity in its own courts

6

because, even if it does, a state's "general waiver of sovereign immunity is insufficient to waive Eleventh Amendment immunity." *Crosby v. Pulaski Technical Coll. Bd. of Trs.*, No. 4:06CV01003, 2007 WL 2750672, at *5 (E.D. Ark. Sept. 18, 2007).   A state must make a clear, unequivocal statement that it waives Eleventh Amendment immunity before it will be deemed to have waived its immunity to suit in federal court.   *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 800 (8th Cir. 2002). Although the Arkansas Whistle-Blower Act provides for citizen suits in state courts against a public employer, the Act does not waive Eleventh Amendment immunity.   *Crosby*, 2007 WL 2750672, at *5 (citing Ark. Code Ann. § 21-1-604); *see also Rush v. Perryman*, No. 1:07CV00001, 2007 WL 2091745, at *3 n.3 (E.D. Ark. July 17, 2007).   Consequently, Sutton's Arkansas Whistle-Blower Act claim against the University must be dismissed.

## B.     STATE LAW CLAIMS AGAINST BAILEY AND THOMAS

Sutton also asserts his breach of contract claims and Arkansas Whistle-Blower Act claims against Bailey and Thomas.   While claims against state officials in their official capacities seeking only prospective injunctive relief are not barred by the Eleventh Amendment, "this exception is available only when a plaintiff seeks to vindicate a *federal* right.   Absent waiver by the state, a federal court has no power to order a state officer . . . to comply with duties imposed by state law." *Grand River Enters. Six Nations, Ltd. v. Beebe*, 467 F.3d 698, 701-02 (8th Cir. 2006) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 104 S. Ct. 900, 911, 79 L. Ed. 2d 67 (1984)).   Therefore, Sutton's breach of contract claims and Arkansas Whistle-Blower Act claims against Bailey and Thomas in their official capacities must be dismissed.   *Cf. Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 447 (8th Cir. 1995) (Arkansas State University's trustees, in their

official capacity, are immune from breach of contract action, whether damages or specific performance is the remedy sought).

As to Sutton's breach of contract claims against Bailey and Thomas in their individual capacities, "Arkansas recognizes the general rule that where an agent names his principal and does not exceed his authority when contracting on the principal's behalf, the agent is not personally liable upon the contract unless the agent agrees to be." *McCullough v. Johnson*, 307 Ark. 9, 11, 816 S.W.2d 886, 887 (1991); *see also* Restatement (Third) of Agency § 6.01 (2006); Restatement (Second) of Agency § 320 (1958). Bailey and Thomas were not parties to Sutton's employment contract. *Cf. Dover*, 64 F.3d at 447. Although Sutton alleges that Bailey and Thomas, as agents for the University, had the power to terminate his employment, that fact does not establish that either of them was a party to Sutton's employment contract or liable for its breach. *See* James J. O'Malley, *Cause of Action for Wrongful Discharge from Employment in Breach of Contract*, *in* 18 Causes of Action 229, § 35 (1989) ("Individual managers and supervisors who hired the employee or who made and carried out the decision to discharge the employee ordinarily will not be liable for breach of contract because ordinarily they are not parties to the contract.").

Sutton contends that Bailey and Thomas had a duty to uphold the employment contract, but he does not explain on what basis he would recover from them. If Sutton's argument is that Bailey and Thomas tortiously interfered with his contract with the University, that argument is foreclosed by Arkansas Supreme Court precedent. *See St. Joseph's Reg'l Health Ctr. v. Munos*, 326 Ark. 605, 614, 934 S.W.2d 192, 196 (1996) ("It is well settled that a party to a contract, and its agents acting in the scope of their authority, cannot be held liable for interfering with the party's own contract.").

If Sutton's argument is that he can recover from Bailey and Thomas on a theory of breach of contract, that argument fails because Bailey and Thomas were not parties to the contract.

Sutton's breach of contract claims against Bailey and Thomas in their individual capacities must be dismissed.

Sutton also asserts Arkansas Whistle-Blower Act claims against Bailey and Thomas, individually.  The Act prohibits a public employer from retaliating against an employee who makes certain good faith communications about the public employer to an appropriate authority.  Ark. Code Ann. § 21-1-603 (2004 Repl.).  The Act defines a "public employer" as:

> (A) An agency, department, board, commission, division, office, bureau, council, authority, or other instrumentality of the State of Arkansas, including the offices of the various Arkansas elected constitutional officers and the General Assembly and its agencies, bureaus, and divisions;
>
> (B) A state-supported college, university, technical college, community college, or other institution of higher education or department, division, or agency of a state institution of higher education;
>
> (C) The Supreme Court, the Court of Appeals, the Administrative Office of the Courts, the circuit courts, and prosecuting attorneys' offices;
>
> (D) An office, department, commission, counsel, agency, board, bureau, committee, corporation, or other instrumentality of a county government or a municipality or a district court, a county subordinate service district, a municipally owned utility, or a regional or joint governing body of one (1) or more counties or municipalities; or
>
> (E) A public school district, school, or an office or department of a public school district in Arkansas[.]

Ark. Code Ann. § 21-1-602(5) (2011 Supp.).  Sutton's claims against Bailey or Thomas in their individual capacities must be dismissed because the definition of "public employer" in the Act does not include individuals.  Ark. Code Ann. § 21-1-602(5); *Falk v. Phillips*, No. 4:06CV00506, 2006 WL 2456130, at *4 (E.D. Ark. Aug. 21, 2006).

**CONCLUSION**

For the foregoing reasons, the defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.  Document #7.  Sutton's breach of contract claims and Whistle-Blower Act claims against Bailey and Thomas in their individual capacities are dismissed with prejudice. Sutton's breach of contract claims and Whistle-Blower Act claim against Arkansas State University and against Bailey and Thomas in their official capacities are dismissed without prejudice so that they may be pursued in the Arkansas Claims Commission.  Because all of Sutton's claims against Arkansas State University are dismissed, the University is dismissed from this action.  Sutton's section 1983 claims against Bailey and Thomas in their official capacities for prospective relief are not dismissed.  His section 1983 claims against Bailey and Thomas in their individual capacities are not dismissed.

IT IS SO ORDER this 1st day of September, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE