## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

TOBY J. SUTTON                                                                  PLAINTIFF

v.                                       No. 3:11CV00123 JLH

PATRICIA BAILEY, individually and in
her official capacity as Vice-Chancellor of
Academic and Student Affairs; and
KELLIE THOMAS, individually and in
her official capacity as Director of Instruction                DEFENDANTS

## OPINION AND ORDER

Toby Sutton has sued Patricia Bailey and Kellie Thomas, two officials of Arkansas State

University, pursuant to 42 U.S.C. § 1983, alleging that they violated his procedural due process

rights under the Fourteenth Amendment to the Constitution of the United States by terminating his

employment contract without notice and a hearing. The defendants have moved for summary

judgment, and Sutton has responded. The motion for summary judgment will be denied.[1]

A court should enter summary judgment if the evidence demonstrates that there is no genuine

dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct.

2505, 2511, 91 L. Ed. 2d 202 (1986). The moving party bears the initial responsibility of

demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets this burden,

the nonmoving party must respond by coming forward with specific facts establishing a genuine

---

[1] Previously, the defendants—including some who have since been dismissed from the action—filed a motion to dismiss which the Court granted in part and denied in part. *See Sutton v. Ark. State Univ.*, No. 3:11CV00123, 2011 WL 3861391 (E.D. Ark. Sept. 1, 2011). Most of the facts relevant to the instant motion for summary judgment have already been stated in the Court's previous order. *Id.* at *1. Evidence offered by the parties in support of, and opposition to, the instant motion will be referenced below as necessary.

dispute for trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). In deciding a motion for summary judgment, a court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *PHL Variable Ins. Co. v. Fulbright McNeill, Inc.*, 519 F.3d 825, 828 (8th Cir. 2008). A genuine dispute exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. When a nonmoving party cannot make an adequate showing sufficient to establish a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23, 106 S. Ct. at 2552.

The defendants contend that the undisputed facts establish that Sutton was provided with adequate procedural due process; that Bailey and Thomas are entitled to qualified immunity; and that Sutton cannot be reinstated because the term of his employment contract has expired.

## A.   **Procedural Due Process**

"The Due Process Clause of the 14th Amendment provides that, '[n]o State shall ... deprive any person of life, liberty, or property, without due process of law.' " *Krentz v. Robertson*, 228 F.3d 897, 902 (8th Cir. 2000) (citing U.S. Const. amend. XIV, § 1)). "Procedural due process claims require a two-step analysis." *Id.* "Initially, a plaintiff must demonstrate that the state deprived him of some 'life, liberty, or property' interest." *Id.* "If successful, the plaintiff must then establish that the state deprived him of that interest without sufficient 'process.' " *Id.*

Sutton had an employment contract for a term of nine months during which, according to the provisions of his employment contract and the faculty handbook, he could be terminated only for cause. Under Arkansas law, he therefore had a legitimate expectation of continued employment

during that term. *See Griffin v. Erickson*, 277 Ark. 433, 437, 642 S.W.2d 308, 310 (1982) ("a

contract for a definite term may not be terminated before the end of the term, except for cause or by

mutual agreement, unless the right to do so is reserved in the contract."); *Drake v. Scott*, 823 F.2d

239, 241 (8th Cir. 1987) ("The Supreme Court of Arkansas has . . . announced a clear rule: if the

contract of employment (which may be embodied in a personnel manual . . . ) 'contains an express

provision against termination except for cause [an employee] may not be arbitrarily discharged in

violation of such a provision.' ") (quoting *Gladden v. Ark. Children's Hosp.*, 292 Ark. 130, 136, 728

S.W.2d 501, 505 (1987)); *Cisco v. King*, 90 Ark. App. 307, 205 S.W.3d 808 (Ark. Ct. App. 2005)

(recognizing that *Gladden* is still binding Arkansas precedent). Consequently, for the purposes of

ruling on this motion for summary judgment, the Court concludes that Sutton had a constitutionally

protected interest in his employment for the period provided by his employment contract.

"When a state deprives a public employee of a contractually-created property right to

continued employment, that deprivation 'must be preceded by notice and opportunity for hearing

appropriate to the nature of the case.' " *Krentz*, 228 F.3d at 902 (quoting *Cleveland Bd. of Educ. v.

Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985)). However, where

adequate post-termination proceedings are available, the level of pre-termination process required

is limited: the employer must provide the employee with notice that he will be terminated and an

opportunity to respond. *Id.* at 902-03; *Richardson v. Booneville School Dist.*, 766 F. Supp. 2d 910,

916-17 (W.D. Ark. 2011). In order to permit the employee to "present his side of the story," some

sort of hearing is required. *Krentz*, 228 F.3d at 903 (quoting *Loudermill*, 470 U.S. at 546, 105 S. Ct.

1487). The hearing, however, need not be elaborate; perhaps nothing more than an informal meeting

with the employee's supervisors. *Id.* Furthermore, "[t]he hearing does not have to precede the

termination decision, but only must precede the termination of benefits." *Id.* (quoting *Schleck v. Ramsey Cnty.*, 939 F.2d 638, 641 (8th Cir. 1991)).

As noted, limited pre-termination process is only sufficient where adequate post-termination proceedings are available. *Id.* (quoting *Schleck*, 939 F.2d at 641-42); *see also Richardson*, 766 F. Supp. 2d at 9117.[2]  In cases similar to the instant one, the Eighth Circuit has identified four basic requirements of due process for post-termination proceedings:

> 1) clear and actual notice of the reasons for termination in sufficient detail to enable him or her to present evidence relating to them;
>
> 2) notice of both the names of those who have made allegations against the teacher and the specific nature and factual basis for the charges;
>
> 3) a reasonable time and opportunity to present testimony in his or her own defense; and
>
> 4) a hearing before an impartial board or tribunal.

*Riggins v. Bd. of Regents of Univ. of Neb.*, 790 F.2d 707, 712 (8th Cir. 1986).  There appears to be some disagreement about whether due process, in the context of a state university professor's termination, requires the opportunity to cross-examine or confront adverse witnesses. *Compare Id.*, *with Nevels v. Hanlon*, 656 F.2d 372, 376 (8th Cir. 1981); *see also Richardson*, 766 F. Supp. 2d at 917 (following *Nevels*); *Casada v. Booneville Sch. Dist. No. 65*, 686 F. Supp. 730, 732 (W.D. Ark. 1988) (same).

In the instant case, it is undisputed that Sutton was first notified of his alleged misconduct at the meeting with Bailey and Thomas on November 3, 2010.[3]  At that meeting, Sutton was asked

---

[2] Extensive post-termination proceedings may even remedy inadequate pre-termination proceedings. *Krentz*, 228 F.3d at 902.

[3] The defendants offer affidavit testimony that they discussed Sutton's Facebook post and various student complaints at the meeting.  While it is undisputed that the Facebook post was

to explain his Facebook post, and stated that he had meant the comment as a joke.  Although there

is a factual dispute about whether Sutton was given an opportunity to explain himself at the meeting

before he was told that his employment was terminated, it appears undisputed that his benefits were

not terminated until some weeks later.[4]

However, the Court cannot find as a matter of law that the post-termination proceedings

available to Sutton were constitutionally adequate.  The University's "Faculty Grievance Procedure"

states that,

> The grievance is filed with the vice chancellor for academic and student affairs, who
> will make an initial determination as to whether the complaint states a grievable
> issue.[5]

> If a grievable issue is stated, the grievant and respondent must represent themselves
> before the grievance committee.  Legal representation or spokespersons are not
> appropriate.

It is unclear whether an employee may seek review by the grievance committee unilaterally, or

whether the vice chancellor must find that the employee has stated a grievable issue in order for the

employee to have the opportunity to take his complaint to the committee.  If the latter, then the

grievance procedure falls far short of the minimum requirements of due process elucidated above

because the procedure does not impose upon the vice chancellor any duty to provide the employee

with the names of adverse witnesses or a chance to testify, cross-examine, or even participate in any

---

discussed, in his affidavit, Sutton denies that the defendants said anything to him about student
complaints.

[4] The defendants' evidence shows only that Sutton's pay period ended on November 15,
2010.  It is not clear whether he was paid as if he had worked through the end of this period or
whether this was merely when his final paycheck was issued.  However, this factual ambiguity and
its legal significance, if any, is not material to the resolution of this motion.

[5] Elsewhere, the procedure indicates that the vice chancellor is to consult with the human
resources director.

sort of hearing.  Supposing, however, that an employee may take his complaint to the grievance

committee unilaterally, then that committee "will 1) study the written complaint, 2) take testimonies

from concerned parties, 3) examine relevant files and/or documents, and 4) either recommend that

the grievance be dismissed or recommend a remedy."  Although this procedure anticipates that the

employee will be able to testify on his own behalf, it is not clear whether the employee may learn

the names of those witnesses testifying against him or cross-examine them.[6]

Because the undisputed facts do not resolve these questions, the Court cannot say as a matter

of law that the University's grievance procedure provides the basic requirements of due process

necessary to render them constitutionally adequate.  Consequently, the Court also cannot conclude

as a matter of law that Sutton was provided with sufficient pre-termination process.  *See Schleck*,

939 F.2d at 641 ("The *Loudermill* Court emphasized that *as long as there are adequate*

*post-termination hearings available*, the pre-termination hearing need not be extensive.") (emphasis

added).

The defendants argue that Sutton has waived his right to challenge the adequacy of the

process provided him by failing to invoke the University's grievance procedure.  *See Krentz*, 228

F.3d at 904 (citing *Riggins*, 790 F.2d at 711; *Bohn v. Cnty. of Dakota*, 772 F.2d 1433, 1441 (8th Cir.

1985)).  However, unlike the case presently before the Court, *Krentz*, *Riggins*, and *Bohn* involved

post-termination proceedings that not only satisfied the basic requirements of fair play but were also

rigorous and extensive.  Regardless, the Eighth Circuit has recently held that "it is not necessary for

a litigant to have exhausted available *postdeprivation* remedies when the litigant contends that he

was entitled to *predeprivation* process."  *Keating v. Neb. Pub. Power Dist.*, 562 F.3d 923, 929 (8th

---

[6] For example, if the witnesses may submit written statements or testify outside of the
employee's presence.

Cir. 2009).  Additionally, the University's "Faculty Grievance Procedure" specifically provides:

"The employee does not waive any rights under the jurisdiction of outside agencies, including the

judicial system, by using the grievance procedure."

Perhaps the informal meeting with Bailey and Thomas, where Sutton was informed of the

decision to terminate his employment and given an opportunity to explain himself, could, in another

situation, constitute constitutionally adequate pre-termination process.  *But see Krentz*, 228 F.3d at

903 (relying on "robust post-termination proceedings," the majority found pre-termination process

"barely" adequate where board did not record hearing, refused to allow attorney to attend, and

refused to answer some of the employee's question).  Here, for the reasons stated above, the Court

concludes that Sutton has shown that a dispute of material fact exists as to whether the defendants

provided him with the procedural due process to which he was entitled.

**B.      Qualified Immunity**

Qualified immunity will only protect the defendants if their conduct did "not violate clearly

established statutory or constitutional rights of which a reasonable person would have known."

*Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (quoting *Harlow v. Fitzgerald*, 457

U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)).  The defendants contend that they are

entitled to qualified immunity because they "had reasonable grounds for believing that the charges

against plaintiff were true and supported termination."  However, whether an employer had good

reasons to believe that cause existed to terminate an employee is not the relevant inquiry where the

employee alleges that he was not provided with adequate procedural due process.  Here, the Court

has concluded that a question of material fact exists regarding whether the defendants violated

Sutton's procedural due process rights.  Furthermore, that conclusion is based on Eighth Circuit

decisions handed down over the past twenty years interpreting the Supreme Court's opinion in *Loudermill*, which was decided in 1985.  A reasonable person supervising faculty members at a state university should be familiar with the due process requirements stated in this line of cases.  The Court cannot say as a matter of law that the defendants are entitled to qualified immunity.

**C.     Injunctive Relief**

Finally, the defendants contend that Sutton's request for prospective injunctive relief is moot because reinstatement at this time would go beyond the term of Sutton's employment contract.  Furthermore, the defendants assert that Sutton would not have been rehired for the reasons they decided to terminate his employment.  In ruling on the defendants' motion to dismiss, the Court identified but did not resolve the question of whether Sutton could be reinstated, now that the term of his employment contract has past, because the parties had not raised or briefed the issue.  The Court again declined to decide that issue, exercising its discretion to deny summary judgment so that the record can be more fully developed.  *See Roberts v. Browning*, 610 F.2d 528, 536 (8th Cir. 1979) ("However, even if a district judge feels that summary judgment in a given case is technically proper, sound judicial policy and the proper exercise of judicial discretion may prompt him to Deny the motion and permit the case to be developed fully at trial.  The ultimate legal rights of the movant can always be protected in the course of or even after trial."); *Andrew v. Clark*, 561 F.3d 261, 271 (4th Cir. 2009); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2728, pp. 525-26 (1998) (collecting cases).  Sutton asserts the same due process claim against the defendants in their official capacities as in their individual capacities.  Because his individual capacity claim must proceed to trial, it is appropriate for his official capacity claim to be adjudicated at the same time.  *See Taylor v. Rederi A/S Volo*, 374 F.2d 545, 549 (3d Cir.

1967) ("It is further settled that the trial court may exercise its discretion in denying summary judgment where a part of an action may be ripe for summary judgment but it is intertwined with another claim that must be tried."). Further, the issue of the defendants' liability is prior to the question of the manner of relief to which Sutton is entitled. The Court is unaware of any mandatory authority squarely addressing the issue of whether reinstatement may be ordered in a case such as this. The Eighth Circuit has cautioned "that a district judge in order to dispose of a case summarily should not make the case hard by deciding a difficult or doubtful question of law that might not survive factual determinations." *Roberts v. Browning*, 610 F.2d 528, 536 (8th Cir. 1979) (citing *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 211 (8th Cir. 1976)). If the fact-finder concludes that the defendants are not liable, then it will be unnecessary to consider what kind of relief the law permits, if any.

## CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment is DENIED. Document #20.

IT IS SO ORDERED this 13th day of January, 2012.

_____
J. LEON HOLMES
UNITED STATES DISTRICT COURT